IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SARAH M. TOTO,                )
                              )
        Plaintiff,             )
                              )
v.                            )   Case No. CIV-13-333-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                              )
        Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Sarah M. Toto (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 3, 1981 and was 30 years old at the time of the ALJ's decision. Claimant completed her GED. Claimant worked in the past as a school bus driver, cashier, assistant teacher at a childcare center, fast food worker, customer service representative, program aide, receptionist, and merchandise sorter. Claimant alleges she became disabled on August 20, 2009 due

to limitations arising from diabetes type 2, bipolar disorder, chronic migraines, and high blood glucose levels.

## Procedural History

On January 5, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 10, 2012, an administrative hearing was held before ALJ Edmund C. Werre in Tulsa, Oklahoma. On April 27, 2012, the ALJ issued an unfavorable decision on Claimant's applications. On July 2, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with some limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

perform a proper determination at steps 4 and 5; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failure to perform a proper credibility analysis.

### Step 4 and 5 Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, bilateral carpal tunnel syndrome, non-insulin dependent diabetes mellitus, obesity, bipolar disorder, and personality disorder. (Tr. 23). The ALJ also found Claimant retained the RFC to perform medium work with no more than occasional lifting/carrying 50 pounds and 25 pounds frequently, stand/walk for a total of 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday, no exposure to hazards such as unprotected heights and being around dangerous moving machinery. The ALJ concluded Claimant was able to understand, remember, and carry out simple and some complex instructions and was able to relate and interact with co-workers and supervisors on a work-related basis only with no or minimal interaction with the general public. (Tr. 25). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hand packager, mail room clerk, and clerical mailer all of which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 31).

Claimant contends the ALJ failed to perform a proper determination at steps 4 and 5. On August 26, 2010, Claimant was evaluated by Dr. James Rau, a licensed psychologist. Claimant described managing her activities of daily living relatively independently. She has a lack of motivation which is reflected in her grooming. She can go shopping and prepare food and manage her finances. She has a driver's license but does not have a vehicle. Claimant sits on the couch in the afternoon and may take a nap. She is usually active with friends in the evening ane goes to bed between 8:00 p.m. and 3:00 a.m. (Tr. 443).

Based upon gross level cognitive screening, Claimant showed some problems with her working and with visual construction. She scored a 27 out of 30 on the mini mental testing. However, she could not get going with her serial subtraction. The screen showed some difficulty with her working memory which was consistent with some of her reporting about current functioning. Id.

Claimant stated she was unable to work because of depression. She had some mood variability which includes hypomanic episodes. She had been on medication for many years and continued on Zoloft with counseling. Claimant episodically had intense suicidal ideations. She did well with her activities of daily living. She is active socially and behaviorally. (Tr. 444).

6

Claimant was found to have no limitations in memory and understanding. Her sustained concentration and persistence abilities were moderately limited. She could carry out simple instructions. Claimant could make rational work-related decisions. She would have difficulty at least episodically staying focused during the course of a day because of mood variability including getting frustrated, agitated, or seriously depressed. Claimant's social interaction and adaptation abilities were not significantly limited. (Tr. 445).

On November 1, 2011, Dr. Gary Lindsay completed a Mental Residual Functional Capacity Assessment form on Claimant. He determined Claimant was moderately limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to accept instructions and respond appropriately to criticism from supervisors, and ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. He found Claimant was markedly limited in the area of the ability to interact appropriately with the general public. (Tr. 711-12).

Dr. Lindsay also completed a Psychiatric Review Technique on Claimant. He determined Claimant was moderately limited in the area of difficulties maintaining social functioning. (Tr. 725).

7

On February 16, 2011, Dr. James Levasseur completed a Mental Residual Functional Capacity Assessment form. He found Claimant was moderately limited in the areas of the ability to maintain attention and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and ability to respond appropriately to changes in the work setting. (Tr. 760-61).

The ALJ gave "significant weight" to both Dr. Lindsay's and Dr. Levasseur's opinions. (Tr. 29). However, he did not include the limitations contained in both reports in his RFC assessment. (Tr. 24-25). The ALJ is required to consider all medical opinions. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). Curiously, the ALJ expressly considered both opinions but then did not apply the findings in both opinions. On remand, the ALJ shall state the basis for failing to include all limitations established by the two

state agency consultants' opinions in his RFC assessment.

**Medical and Non-Medical Source Evidence**

Claimant first essentially reiterates the same argument concerning the ALJ's failure to include both opinions' limitations in the RFC. She also contends the ALJ held the third party statement of her mother to the wrong standard. The ALJ rejected the statement finding Claimant's mother "is not medically trained to make exacting observations." (Tr. 29). On remand, the ALJ shall consider the mother's third party statement as a lay opinion under the appropriate standard.

**Credibility Determination**

On remand, the ALJ shall insure that he has employed the factors necessary for a proper evaluation of Claimant's testimony. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE